UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED HARRISBURG, PA DEC 27 2017 Per_____ CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:16-CR-00042 |
| | ) | |
| v. | ) | (Chief Judge Conner) |
| | ) | |
| MING DI YU (7) and YU HUA MEI, (14) | ) | |
| Defendants. | ) | (Electronically Filed) |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. The court has determined, based upon defendants Ming Di Yu and Yu Hua Mei's guilty pleas and Stipulations of Consent to forfeiture, that the following property is subject to forfeiture pursuant to 18 USC §§ 981(a)(1)(c) and 28 USC § 2461 and that the government has established the requisite nexus between such property and such offenses.

   a. As to Ming Di Yu: $267,852.00 in U.S. Currency, representing proceeds of mail fraud in violation of 18 U.S.C. § 1341 or conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 that were personally obtained by and later dissipated by Ming Di Yu.

b. As to Yu Hua Mei: $72,000 in U.S. Currency, representing proceeds of mail fraud in violation of 18 U.S.C. § 1341 or conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 that were personally obtained by and later dissipated by Yu Hua Mei.

2. The property to be forfeited constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of violations 18 U.S.C. § 1341 or 18 U.S.C. § 1349.

3. The proceeds as listed above were personally obtained by the defendants and later dissipated by the defendants.

4. Because the proceeds were dissipated by the defendants, the United States may seek as a substitute asset, pursuant to 21 U.S.C. § 853(p), forfeiture of any of the defendant's property up to the value of the dissipated proceeds.

5. After the disposition of any motion filed under Fed. R.Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon

a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the subject property following the court's disposition of all third-party interests, including titled owners, spouses, and any other interested parties, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

7. Any claim filed with the seizing agency in an administrative proceeding and any petition filed in a related civil action are **NOT** a substitute for the claim that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

8. Upon adjudication of all third-party interests, the court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

9. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of Court shall forward four certified copies of

this order to Assistant U.S. Attorney Jenny P. Roberts, U.S. Attorney's Office, Middle District of Pennsylvania.

SO ORDERED this \_\_\_21ST\_\_\_ day of December 2017.

/s/ Christopher C. Conner
_____
CHRISTOPHER C. CONNER
CHIEF UNITED STATES DISTRICT JUDGE